**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7896

SHERMAN LEON JONES,

Petitioner - Appellant,

versus

GENE M. JOHNSON, Director of the Virginia
Department of Corrections,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (CA-03-448-2)

Submitted: April 14, 2005          Decided: April 19, 2005

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sherman Leon Jones, Appellant Pro Se. Michael Thomas Judge, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sherman Leon Jones seeks to appeal the district court's order denying relief on his motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b). An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004) (holding the certificate of appealability requirement applies to appeals of denials of motions under Fed. R. Civ. P. 60(b) in habeas proceedings). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Jones has not made the requisite showing. Accordingly, we deny Jones' motion for a certificate of appealability and dismiss the appeal.

Additionally, we construe Jones' notice of appeal and informal brief on appeal as an application to file a second or successive petition under 28 U.S.C. § 2254 (2000). See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). In order to obtain authorization to file a

- 2 -

successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. § 2244(b)(3)(C) (2000). Jones' claims do not satisfy either of these conditions. Therefore, we decline to authorize a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED